STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffery POLAR, Jr., Defendant-Appellant.

Court of Appeals

*No. 2013AP1433–CR. Oral argument November 26, 2013.*
*—Decided December 10, 2013.*

2014 WI App 15

(Also reported in 842 N.W.2d 531.)

452

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Associates*, of Milwaukee, with oral argument by *Rex R. Anderegg*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and Nancy A. *Noet*, assistant attorney general, with oral argument by Nancy A. *Noet*.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. CURLEY, P.J.   Jeffery Polar, Jr., appeals the order denying his motion for sentence adjustment. Polar was sentenced to seven years of initial confinement and five years of extended supervision for his armed robbery conviction, and three years of initial confinement and five years of extended supervision for his attempted armed robbery conviction. The sentences were to be served consecutively. After he had served eight and one-half years of the total ten-year sentence, Polar moved to adjust his sentences; however, the trial court denied his motion, concluding that, pursuant to

Wis. Stat. § 973.195 (2011–12),[1] Polar filed his motion with respect to the seven-year sentence too late, and too early with respect to his three-year sentence. On appeal, Polar argues that the trial court erred because his sentences should be construed as one, not separately, and therefore his motion was brought at the appropriate time. Because we conclude that the plain language of the statute dictates otherwise—specifically, that the sentences are to be considered separately for adjustment purposes—we affirm.

## BACKGROUND

¶ 2.   On August 16, 2004, Polar, along with a co-actor, was charged with two counts of armed robbery, two counts of attempted armed robbery, two counts of false imprisonment, and one count of being a felon in possession of a firearm—all as party to a crime. Polar pled guilty to four of the seven counts:   count two, armed robbery; count three, felon in possession of a firearm; count five, false imprisonment; and count seven, attempted armed robbery.[2] The other charges were dismissed and read-in at sentencing.

¶ 3.   After he pled guilty, Polar was sentenced as follows:

> Count 2:   seven years of initial confinement and five years of extended supervision with 252 days of sentencing credit;
>
> Count 3:   one year of initial confinement and one year of extended supervision with 252 days of sentencing credit, to run concurrently to Count 2;

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] The sentences for counts three and five are not involved in this appeal.

Count 5:  two years of initial confinement and two years of extended supervision with 252 days of sentencing credit, also to run concurrently to Count 2; and

Count 7:  three years of initial confinement and five years of extended supervision with zero days of credit, to be served consecutively to Count 2.

In sum, Polar received a global sentence of ten years of initial confinement and ten years of extended supervision, with 252 days of sentencing credit.

¶ 4.  In February 2013, having served approximately eighty-five percent of the total ten-year term of initial confinement, Polar, *pro se,* filed two petitions for sentence adjustment pursuant to WIS. STAT. § 973.195. The first petition was for count two, the armed robbery with the seven-year initial confinement period; and the second petition was for count seven, the attempted armed robbery with the three-year initial confinement period. In response to Polar's petitions, the Department of Corrections sent the trial court a letter stating that Polar had already completed his initial confinement on count two, and consequently, the petition was filed too late.

¶ 5.  The court returned the petitions to Polar, finding that he was ineligible for adjustment on both sentences. The petition on count two was deemed too late because he had already served the seven years of confinement, and the petition on count seven was premature because he had not served the percentage of confinement required to request an adjustment.

¶ 6.  Polar moved for a formal ruling on his petitions, and his motion was again denied. The trial court, in a written decision, explained that under WIS. STAT. § 973.195(1r), Polar's sentences for count two and count seven were to be treated individually with respect to

455

sentence adjustment. Because the sentences were to be treated individually, adjustment on count two was untimely as Polar already served the entire seven years of confinement, and adjustment on count seven was premature because Polar had not yet served eighty-five percent of the confinement portion of the sentence as required by § 973.195(1g)-(1r). The trial court further determined that Polar could "resubmit a petition for sentence adjustment on count seven after he has served the applicable percentage of confinement time."

¶ 7. Polar appeals.

## ANALYSIS

¶ 8. On appeal, Polar challenges the trial court's ruling that, pursuant to WIS. STAT. § 973.195, a defendant must petition for sentence adjustment upon the completion of the applicable portion of each individual sentence, and that, consequently, Polar's petitions—filed after he had served eight and a half years of prison time—were untimely regarding the seven-year armed robbery sentence and premature regarding the three-year attempted armed robbery sentence. Whether the trial court properly interpreted § 973.195 is a question of law we review independently. *See State v. Bohannon*, 2013 WI App 87, ¶ 18, 349 Wis. 2d 368, 835 N.W.2d 262. When reviewing statutes, our inquiry " 'begins with the language of the statute.' " *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We give statutory language "its common, ordinary, and accepted meaning," and give "technical or specially-defined words or phrases" "their technical or special definitional meaning." *See id.* We must also keep in mind that

"[c]ontext is important to meaning. So, too, is the structure of the statute in which the operative language appears." *See id.,* ¶ 46. Therefore, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *See id.*

¶ 9. Specifically, Polar argues that WIS. STAT. § 973.195 is ambiguous in that it does not expressly dictate whether multiple sentences are to be treated individually or as one for purposes of sentence adjustment. He also argues that interpreting the statute as the trial court did—*i.e.,* to treat Polar's sentences individually rather than as one—is inconsistent with the practice of computing multiple sentences as one, continuous sentence pursuant to WIS. STAT. ch. 302. Polar additionally argues that adopting the trial court's interpretation of the statute would lead to inefficiency and absurd results, as inmates would be required to file multiple petitions for sentence adjustment. We disagree.

¶ 10. WISCONSIN STAT. § 973.195(1r) provides:

CONFINEMENT IN PRISON. (a) Except as provided in s. 973.198, an inmate who is serving a sentence imposed under s. 973.01 for a crime other than a Class B felony may petition the sentencing court to adjust the sentence if the inmate has served at least the applicable percentage of the term of confinement in prison portion of the sentence. If an inmate is subject to more than one sentence imposed under this section, the sentences shall be treated individually for purposes of sentence adjustment under this subsection.

¶ 11. WISCONSIN STAT. § 973.195(1g) defines "applicable percentage" as used in § 973.195(1r) as "85% for a

457

Class C to E felony and 75% for a Class F to I felony." Both counts two and seven in this case are Class C felonies.

¶ 12. We conclude that the statute plainly supports the trial court's interpretation. The statute very clearly states that "[i]f an inmate is subject to more than one sentence imposed under this section, the sentences shall be treated individually for purposes of sentence adjustment under this subsection." *See* Wis. Stat. § 973.195(1r). There is no alternative interpretation; multiple sentences are to be considered separately for the purpose of sentence adjustment. Additionally, § 973.195(1g) provides that the time an inmate must serve in prison before filing for an adjustment differs depending on the severity of the felony. Were we to contradict the very plain mandate of subsection (1r), the language of subsection (1g) would be completely eviscerated. The statute is plain, and the trial court correctly followed the plain language in concluding that Polar's sentences were to be considered separately for adjustment purposes.

¶ 13. Moreover, there is no inconsistency in computing multiple sentences as a single sentence, as is mandated by chapter 302 of the Wisconsin Statutes, and requiring an inmate to file separate petitions for sentence adjustment. Treating all sentences as one as required by Wis. Stat. §§ 302.11(3) and 302.113(4)[3]

[3] Wisconsin Stat. § 302.11(3) reads: "All consecutive sentences imposed for crimes committed before December 31, 1999, shall be computed as one continuous sentence." Wisconsin Stat. § 302.113(4) reads: "All consecutive sentences imposed for crimes committed on or after December 31, 1999, shall be computed as one continuous sentence. The person shall serve any term of extended supervision after serving all terms of confinement in prison."

simply means that a defendant must serve all of his or her initial confinement at once, and must then serve all of the extended supervision at once. Even given this system, there is nothing inherently illogical about requiring an inmate to file separate petitions for sentence adjustment.[4]

¶ 14. Finally, while requiring an inmate to move separately for adjustment of each individual sentence likely adds to the amount of paper circulating through the judicial system, we may not contravene the clear statutory language solely in the name of efficiency, as Polar would have us do. *See State v. Dinkins*, 2010 WI App 163, ¶ 11, 330 Wis. 2d 591, 794 N.W.2d 236 ("If the meaning of the statute is plain from the statutory language, we ordinarily stop the inquiry."). As noted, the legislature intended for motions for sentence adjustment to be filed separately as evidenced by the plain language of WIS. STAT. § 973.195(1r), as well as by the plain language of § 973.195(1g), which requires a defendant to wait varying amounts of time to file for an adjustment depending on the severity of the conviction. The legislature intended to require felons convicted of

---

[4] Furthermore, the legislative history of WIS. STAT. § 973.195, while not essential to our analysis, *see State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (" 'If the meaning of the statute is plain, we ordinarily stop the inquiry.' ") (citation omitted), supports our conclusion. The history shows that when § 973.195 was drafted, the legislature also significantly amended WIS. STAT. §§ 302.11–302.113, which, as noted, provide, among other things, that consecutive sentences are to be computed as one continuous sentence. *See* 2001 Wis. Act 109 § 1143m (creating § 973.195); 2001 Wis. Act 109, §§ 382–406 (amending §§ 302.11–302.113). In other words, the legislature was acutely aware of its directive to consider sentences as a single unit for purposes of sentence computation, but individually for adjustment purposes.

more serious crimes to serve more of their sentences before requesting an adjustment. Adopting Polar's interpretation would strip the statute of this purpose.

¶ 15. Therefore, we hold that, under the plain language of WIS. STAT. § 973.195, a defendant serving multiple sentences seeking a sentencing adjustment must file a separate petition for each individual sentence he or she wishes to adjust. Consequently, Polar's petitions, which were filed well after he finished serving the seven years of prison time for count two, but before the applicable period of time required for count seven, were respectively untimely and premature. Accordingly, we affirm the trial court's order.

*By the Court.*—Order affirmed.

¶ 16. KESSLER, J. (*concurring*). Eligibility for sentence adjustment pursuant to WIS. STAT. § 973.195(1r)(a) is triggered exclusively by having served a specific percentage of incarceration time under a bifurcated sentence. *See* Majority, ¶ 15. At oral argument, it was affirmed by counsel that the record before us contains no evidence as to whether the Department of Corrections routinely advises inmates of the date on which the relevant percentage of each of their separate consecutive sentences will be served, or whether Polar was ever so advised or otherwise knew the dates. Without evidence of the existence or absence of such sentence specific information, it is impossible for this court, or the circuit court, to conclude that § 973.195(1r)(a) is ambiguous as applied to these separate consecutive sentences or that an error of law occurred. I therefore concur in the outcome in this case.